**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| In re:  Larry D. Carbonneau,  Debtor | Chapter 13  Case No. 14-10201 |

## ORDER GRANTING AMENDED APPLICATION FOR COMPENSATION AT A REDUCED AMOUNT

In this relatively straightforward Chapter 13 case, the Debtor's counsel filed an application for compensation ("Fee Application"), asking the Court to allow $6,790.00 in fees and $452.22 in expenses for services rendered to the Debtor between September 13, 2013 and September 16, 2016, of which $1,650 had been paid by the Debtor pre-petition, and $1,631.00 had been paid through the Debtor's plan.  [Dkt. No. 33.]  The Fee Application was supported by a billing detail that contained numerous entries by the Debtor's counsel's paralegal for 0.2 hours spent receiving and reviewing various documents and docket entries.  The Court left the Fee Application on for hearing, despite the absence of objections, because the number of the paralegal's 0.2-hour time entries, and the absence of any 0.1-hour time entries by the paralegal led the Court to question whether the paralegal was using a minimum billing increment of 0.2, in violation of D. Me. LBR 2016-1(a)(3)(i).  The Court also had questions about whether the time spent by the paralegal engaging in various tasks was "reasonable" within the meaning of 11 U.S.C. § 330(a)(4).  After hearing from the Debtor's counsel on these issues on November 3, 2016, the Court continued the matter for further hearing and asked the Debtor's counsel to review the Fee Application and make any adjustments that, in his view, needed to be made before the continued hearing.

On November 9, the Debtor's counsel filed an amended application for compensation ("Amended Fee Application") in which he reduced his previous request for fees of $6,790.00 by $60.00 to $6,730.00. [Dkt. No. 42.] Despite the absence of timely objections or other responses to the Amended Fee Application, the Court conducted a further hearing on the Debtor's counsel's request for fees on December 8. After hearing from the Debtor's counsel, the Court ruled on the Amended Fee Application from the bench. This written Order is entered in order to expressly set forth the Court's disposition of the Amended Fee Application.

Per the summary that appears on the billing detail attached to the Amended Fee Application, the Court finds that the Debtor's counsel is seeking allowance of compensation for 69.2 hours that his paralegal spent on this case and billed at $75.00 per hour, or a total of $5,190.00 for the paralegal's time entries. After reviewing the paralegal's time entries in the Amended Fee Application's billing detail, the Court finds and concludes that the Amended Fee Application seeks compensation for numerous instances of where the Debtor's counsel's paralegal either spent an unreasonable amount of time on tasks or billed for secretarial tasks that should not be compensated at a paralegal rate. This finding and conclusion is supported, in part, by the following examples of excessive and unreasonable billing found in the billing detail:

- On September 16, 2013, the Debtor's counsel's paralegal billed 0.2 hours on this case for receiving and reviewing the Debtor's certificate of credit counseling. This certificate is a one-page form that cannot possibly take seven or more minutes to retrieve and review.
- On April 4, 2014, the Debtor's counsel's paralegal billed 0.2 hours in this case for receiving and reviewing a docket entry regarding an order granting the Trustee's motion for tax returns. That motion is a routine motion that is granted by a form order in nearly every Chapter 13 case in this District. There is no indication in the task description that the paralegal did anything other than review the docket entry associated with this one-page form order. Even if the paralegal had reviewed the docket entry and the one-page form order itself, the task could not have taken more than six minutes.

- On April 9, 2014, the Debtor's counsel's paralegal billed 0.5 hours for receiving two emails regarding the Debtor's "Education Certificate" and printing that certificate. That amounts to at least twenty-five minutes spent receiving two emails and printing a certificate.

- On May 19, 2014, the Debtor's counsel's paralegal billed 0.2 hours for receiving an email from the Debtor informing her where he was located for the 341 meeting. The Court recognizes that the paralegal likely needed to communicate the information in the email to the Debtor's counsel, who was in attendance at the 341 meeting, but is skeptical that the tasks related to this routine communication could have reasonably taken more than six minutes to complete.

- On May 22, 2014, the Debtor's counsel's paralegal billed 0.2 hours for receiving and reviewing a docket entry indicating that the 341 meeting had been held and concluded. That docket entry is less than twenty-five words long; it cannot have reasonably taken more than six minutes to review.

- On April 27, 2015, the Debtor's counsel's paralegal billed 0.2 hours for receiving and reviewing a docket entry assigning the case to a new Judge. That docket entry is one-line long. There are no related deadlines to calendar, and there is no necessary follow-up correspondence. Even if the Debtor's counsel's paralegal reviewed the docket entry and communicated the case assignment to the Debtor (which is not what the task description indicates), seven or more minutes spent on this task is inordinate.

These bulleted points are just a few examples of what the Court perceives to be excessive billing for the services rendered in this case. Although the Court does not question the necessity of the services that the Debtor's paralegal performed in this case, it does find and conclude that the amount of paralegal time spent on many of the tasks in this case was not reasonable. While the Court strongly encourages and commends the proper use of paralegals in order to limit the cost of legal services, the Bankruptcy Code only permits an award of "reasonable compensation." 11 U.S.C. § 330(a)(1)(A). In determining what amount constitutes reasonable compensation, the Court considers "all relevant factors," including "whether the services were

performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed." 11 U.S.C. § 330(a)(3)(D).

The Court therefore grants the Amended Fee Application on the following terms. The bill of $5,190.00 for fees for time spent by the Debtor's counsel's paralegal in this case is reduced by twenty-five percent, or $1,297.50. Counsel's amended request for an allowance of fees of $6,730.00 is reduced by $1,297.50, to $5,432.50. That amount represents a reasonable amount of compensation for time reasonably spent on the services rendered in this case. *See* <u>In re Sullivan</u>, 674 F.3d 65, 71 (1st Cir. 2012). The Debtor's counsel is therefore allowed $5,432.50 as reasonable compensation for actual, necessary services rendered between September 13, 2013 and September 16, 2016, and $452.22 as reimbursement for actual, necessary expenses, for a total award of $5,884.72. This award is made under 11 U.S.C. §§ 330(a)(2) and 330(a)(4).

Based upon the Debtor's counsel's representation that he has already been paid $1,650.00 by the Debtor pre-petition, and $1,631.00 by the Chapter 13 Trustee pursuant to the Debtor's plan, the unpaid balance of the allowed compensation is $2,603.72.

Dated: December 9, 2016

Michael A. Fagone
United States Bankruptcy Judge
District of Maine